In the Matter of the Estate of JOHN L. KEENAN, Deceased. FLORENCE R. KEENAN, as Executrix of JOHN L. KEENAN, Deceased, Appellant; STATE TAX COMMISSION, Respondent.— Order affirmed, without costs of this appeal to either party. Memorandum: On the record presented we agree with the determination of the Surrogate that the widow may not have full exemption under the provisions of section 249-q of the Tax Law and that there may be no exemption in the case of the brother who predeceased the testator. In the case of the widow who was bequeathed a life use during widowhood we do not, however, necessarily agree with the Surrogate that the present value of such life use could not be computed by any formula recognized by the law. (See *Matter of Cregan,* 275 N. Y. 337.) The Legislature has authorized the use of certain remarriage tables. (Workmen's Compensation Law, § 27; Civ. Prac. Act, § 1334.) The Legislature has not, by statute, extended the benefits of these tables for use in computing the present value of a widow's life use during widowhood. It would seem that if such tables are reliable enough for some computations, they are reliable enough for all others. Here, however, they were not offered, and there being neither an acceptance nor a rejection of such tables by the Surrogate, there is nothing for this court to review. All concur, except Larkin, J., who dissents and votes for reversal and for remitting the matter to the Surrogate to take proof, based on any available data, of the present value of the widow's life use. Memorandum: It is apparent that the Surrogate felt that there was no known method of computing such present value based on the possibility of the widow's remarriage. The Workmen's Compensation Law (§§ 27, 29) recognized then and still recognizes the Dutch Royal Insurance Institution tables as proper data for such a determination. The Civil Practice Act (§ 1334) now recognizes the Casualty Actuarial Society's Table on Remarriage as furnishing data for such a computation. The Surrogate's opinion on the appeal from the *pro forma* order indicates clearly that had appellant offered either or both of the foregoing tables, he would have excluded them. Moreover, it was the duty of the taxing officer making the computations the basis of the *pro forma* order to have utilized at least the Dutch tables, the Legislature of the State having at that time in sections 27 and 29 of the Workmen's Compensation Law, in effect, recognized them as proper data for use in the computation of the present value of a widow's life use, subject to divestiture by remarriage. The appellant did not lose her right to question the determination by failing to offer the tables in evidence. The duty was on the taxing officer to assess the tax properly, and to him fell the duty to utilize all available data, at least that recognized by the Legislature of this State. (The order affirms a *pro forma* order and settles the amount of tax upon the estate of testator.) Present — Taylor, P. J., Larkin, Love, Vaughan and Kimball, JJ.

In the Matter of CHARLES W. PRIEST, Petitioner, against JOHN A. LYONS, as Commissioner of the Department of Correction of the State of New York, Respondent.— Determination confirmed, without costs. All concur. (Review of determination of the Warden of Attica State Prison dismissing petitioner from his position as assistant principal keeper of Attica State Prison.) Present — Taylor, P. J., Larkin, Love, Vaughan and Kimball, JJ.

In the Matter of EDWARD A. SIPPEL et al., Appellants, against BERNARD J. DOWD, as Mayor of the City of Buffalo, Respondents.— Final order affirmed, without costs. All concur. (The order denies the application of petitioners and dismisses their petition.) Present — Taylor, P. J., Larkin, Love, Vaughan and Kimball, JJ. [191 Misc. 558.]