Memorandum..
Upon .reargument: the order of the Appellate Division should be reversed, without costs, and the determination of respondent annulled. Petitioner’s letter was indiscreet and properly found to be embarrassing to the teacher on whose purported behalf it was sent. However, whatever factual inaccuracies were present in the letter related to teacher observation reports to which petitioner had no access. Hence, the inaccuracies were not the result of reckless or intentional falsehood. The other strident and, therefore, unnecessary comments were excessive characterizations and inferences and no worse. Since the letter’s distribution was limited to the school system and the contents were arguably within the free speech protections laid down in Pickering v. Board of Educ. (391 U. S. 563), there was lacking substantial evidence to warrant disciplinary action.
The fact was that a teacher trained and experienced elsewhere, with a record for highly satisfactory achievement, did not conform to the local standards and. “ philosophy ” of teaching. This understandably led to disagreement between those who accepted the teacher’s record as known to them and the administrators, who also knew the record, but concluded on a reasonable basis that the teacher had been unable after a two-year trial to adapt to the local pattern.
There is no suggestion in the record that petitioner’s indiscretions led to any deleterious effects within the school system, and it is unlikely that they should have. Indiscreet bombast in an argumentative letter, to the limited extent present here, is insufficient to sanction disciplinary action. Otherwise, those who criticize in an area where criticism is permissible would *999 either be discouraged from exercising their right or would be required to do so in such innocuous terms as would make the criticism seem ineffective or obsequious.
Overall, a single incident was permitted by the petitioner, and later by the school administration, to be elevated into an issue quite disproportionate to the occasion. Concededly, petitioner’s direct teaching and in-class performance were correct and were not affected by the writing or sending of the letter.
It should only be noted that petitioner’s status as a union official did not give him, in this context, any greater privilege of speech or conduct than he had as an interested teacher, although such status was the occasion for his writing the letter.
As for petitioner’s refusal to answer questions before obtaining' the advice of counsel, the record is sparse and respondent has never made the charge based on such refusal a principal or substantial ground for its action. Moreover, the refusal was, at worst, qualified and was involved heavily with the issues affecting the objectionable letter and petitioner’s status as a union official. Hence, this charge should not be treated other than as an appendage to the main charge, and in any event would not, under the circumstances, warrant the discipline imposed.