**Elvin ALBAUM, Plaintiff,**

v.

**Thomas F. CAREY, Superintendent of Schools of Union Free School District #15, and Arthur Carin, Hal-Curtis Felsher, Howard T. Jankowitz, William Mayhew and Samuel Springer, constituting the Board of Education of Union Free School District #15, Jericho, New York, Defendants.**

**No. 67-C-583.**

United States District Court,
E. D. New York.

Dec. 18, 1969.

I. Leonard Feigenbaum, Melville, N. Y., for plaintiff.

Louis N. Orfan, West Hempstead, N. Y., for defendants.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for intervenor-defendant, State of New York; Joel Lewittes, New York City, of counsel.

Before MOORE, Circuit Judge, and BARTELS and WEINSTEIN, District Judges.

## MEMORANDUM AND ORDER

PER CURIAM.

The action must be dismissed.

As to the first cause of action for a judgment declaring section 3012(2) of the New York Education Law invalid: the "competent, efficient and satisfactory" language of the section refers to definite criteria enforceable in New York courts through an Article 78 proceeding the requirements of the federal and state constitutions are read into the provision. *Cf.* Albaum v. Carey, 283 F.Supp. 3, 5–9 (E.D.N.Y. 1968). A major decision relied upon by the single judge as giving "substance to plaintiff's position" that section 3012(2) places no restrictions on the right to deny tenure (*Id.* at 8) was subsequently

**596**

reversed by the New York Court of Appeals on remand from the United States Supreme Court. In the Matter of Puentes v. Board of Education, 24 A.D. 2d 628 (2d Dep't 1965), aff'd mem., 18 N.Y.2d 906, 276 N.Y.S.2d 638, 223 N.E. 2d 45 (1966), vacated and remanded, 392 U.S. 653, 88 S.Ct. 2271, 20 L.Ed.2d 1341 (1968), rev'd, 24 N.Y.2d 996, 302 N.Y. S.2d 824, 250 N.E.2d 232 (1969). Accordingly, the first cause of action is dismissed.

■■ As to the second cause of action for a judgment compensating plaintiff for the illegal deprivation of tenure in the Jericho, New York Free School District: plaintiff was not denied tenure because of the exercise of any of his constitutional or statutory rights. Although he was a devoted, highly skilled, and imaginative teacher, he had difficulties in developing new programs and in carrying out school policies because of substantial and continuing disagreements with administrators and supervisors. Denial of tenure was caused by a desire on the part of Dr. Carey, the school superintendent, to eliminate from the school system a nettlesome individual who created annoying administrative problems. Nothing the plaintiff said or did in connection with labor negotiations on behalf of the Jericho Teachers Association contributed to Dr. Carey's decision. The superintendent was entitled, under section 3012(2), to decline to recommend tenure during a teacher's probationary period in order to reduce the possibility of dissension with administrators and supervisory personnel. Since plaintiff was not denied tenure as a punishment for statements or action in connection with his union activities, as alleged in his complaint, the second cause of action must be dismissed.

This memorandum of decision contains findings of fact and law in accordance with Rule 52 of the Federal Rules of Civil Procedure.

So ordered.