In the Matter of MARIAN TISCHLER, Appellant, *v*. BOARD OF EDUCATION OF THE MONROE WOODBURY CENTRAL SCHOOL DISTRICT No. 1, Respondent.

Second Department, July 23, 1971.

Milton Tischler (James G. Sweeney of counsel), for appellant.
Albert Mishkin for respondent.

GULOTTA, J. In this proceeding pursuant to article 78 of the CPLR, the petitioner appeals from an order of the Special Term in Orange County which granted the respondent's motion to dismiss the petition upon the ground that it failed to state a cause of action.

The petitioner was appointed by the respondent for a three-year period commencing January 13, 1967, as a probationary elementary school teacher pursuant to section 3012 of the Education Law. On November 7, 1969, prior to the expiration of her probationary appointment, she was called to a meeting with her Principal, with the Assistant Superintendent for Curriculum, and with the Director of Elementary Education, who informed her that it was not probable that she would be granted tenure by the respondent school board at its next public meeting, at which time the issue apparently was to be decided. She then conferred with the Superintendent of Schools in an effort to obtain an understanding of the reasons behind such a decision, but the Superintendent was unable to clarify the situation. On November 12, 1969, a public meeting of the school board was held before some 100 citizens, parents and teachers, at which time, the petition alleges, the Principal, the Assistant Principal, the Director of Elementary Education and the Assistant Superintendent for Curriculum indorsed the recommendation made by the Superintendent of Schools that the board grant tenure to the petitioner. We note, in this regard, that the recommendation of the Superintendent is missing from the board's motion papers. However, the petitioner's contention is supported by a statement of one of the speakers at the public meeting which clearly indicates that the Superintendent had, in fact, indorsed the petitioner. The record shows that the speaker said, '' I would like to concur in the recommendation of the superintendent of schools that Marian Tischler be granted tenure.''

On November 13, 1969, the Superintendent of Schools informed the petitioner in writing that the board had voted to deny tenure. About one week later, the petitioner received a letter from the President of the board which purported to express the reasons which had prompted the board's denial. The letter stated that the quality of instruction was the only factor in the board's decision and that the petitioner had not met

the standard it was trying to achieve in the school district. The petitioner continued to teach until January 12, 1970, when her probationary term of employment expired.

Thereafter, the petitioner brought this proceeding to compel the board to grant her tenure, alleging that the board's action was a retaliatory measure designed to punish her for the exercise of her constitutional right to engage in activities as a member of a local teachers' union, that the decision was arbitrary and capricious in that it was not made on the basis of any reasonable standard, and that it was made despite her professional competency as acknowledged by her superiors at the board meeting. The board moved to dismiss the petition in lieu of an answer, contending that it had the absolute right to deny tenure to a probationary teacher for any or no reason. The Special Term granted the motion to dismiss and held that the petition failed to state a cause of action, saying:

" ' It has been established that under that statute (referring to section 2573 Education Law) and similar statutes (Education Law sections 3012, 3013), the services of a probationary teacher may be discontinued without a hearing and without the giving of reasons therefor (*Matter of Grace* v. *Board of Educ.* 19 A. D. 2d 637; *Matter of High* v. *Board of Educ.* 169 Misc. 98 affd. 256 App. Div. 1074, affd. 281 N. Y. 815; *Matter of Hickey* v. *Carey,* 275 App. Div. 964) ' (*Matter of Pinto* v. *Wynstra,* 22 A. D. 2d 914 at 915)   *   *   *.

" Despite the recommendation of a tenure appointment by a District Superintendent, the Board of Education is not foreclosed from denying tenure (*Matter of McMaster* v. *Owens,* 275 App. Div. 506, 90 N. Y. S. 2d 491; *Matter of Gunthorpe* v. *Board of Education,* 41 Misc. 2d 757, 246 N. Y. S. 2d 462)."

The petitioner's appeal from the order entered upon that decision presents a question as to the scope of the power of a board of education to deny tenure to a probationary teacher. Under the terms of subdivision 2 of section 3012 of the Education Law, the Superintendent of Schools is required to recommend probationary teachers for appointment on tenure at the end of their probationary term if he finds them to be " competent, efficient and satisfactory ". The Superintendent's recommendation is a screening device which brings before the Board of Education all those who are qualified by objective standards (*Albaum* v. *Carey,* 283 F. Supp. 3; *id.,* 310 F. Supp. 594). The statute clearly contemplates that the recommendation be voted upon by the board, but fails to prescribe precise standards for the board's action. Thus the board is given broad discretion to take into account the intangible subjective factors that are impossible to enumerate but which are inherent in the choice

of a permanent teaching staff for carrying on the work of the school district. Nevertheless, there is no reason to believe that the board's discretion is boundless.

Specifically, it is clear that the respondent school board may not deny tenure for the purpose of retaliating against a teacher for an exercise of constitutional rights (*Roth* v. *Board of Regents of State Colls.*, 310 F. Supp. 972; *Gouge* v. *Joint School Dist. No. 1*, 310 F. Supp. 984). The Fourteenth Amendment protects all persons, including teachers, by limiting the power of the States to interfere with the First Amendment freedoms of speech and association (*Shelton* v. *Tucker*, 364 U. S. 479). All teachers have a right of free association and union membership guaranteed by the First Amendment (*McLaughlin* v. *Tilendis*, 398 F. 2d 287, 288). Where the dismissal of, or denial of tenure to, a teacher constitutes a plain interference with the First Amendment rights, such action cannot stand unless it can be shown that regulation of the conduct in question has a clear relationship to an overriding interest in the maintenance of an efficient educational system and that the action by the school board was motivated by a desire to benefit the system rather than to interfere with the exercise of constitutional rights (*Keyishian* v. *Board of Regents*, 385 U. S. 589; *Pickering* v. *Board of Educ.*, 391 U. S. 563; *Matter of Puentes* v. *Board of Educ. of Union Free School Dist. No. 21 of Town of Bethpage*, 24 N Y 2d 996).

The petition in the case at bar goes further than the constitutional limitations. It alleges facts which, if proved, would show a violation of the Taylor Law (Civil Service Law, art. 14). In the face of the clear public policy of this State as set forth in that enactment, a school board may not discriminate against teachers for exercising their right to belong to or participate in a teachers' union. It is no answer to say that this is being done in the name of the efficient operation of the school district. Public policy is to the contrary.

The effect of the Taylor Law was to announce that efficiency of public institutions is best promoted by securing the right of organization and representation to public employees. A rule allowing a school board to dismiss a teacher or to deny tenure as a retaliatory measure frustrates this sound public policy by the chilling effect it has upon protected rights. It would permit the board to weed out union activists before they reach tenure and could intimidate many teachers against joining a union in the first instance. For this reason, it is our opinion that a school board may not regulate, discipline or otherwise interfere with a teachers' union activity by resorting to means outside the procedures set up by the Taylor Law.

While the Taylor Law may provide some measure of relief regarding the petitioner's claim that the board's action was in retaliation for her union activities, we are not convinced that complete protection could be afforded by resort to that remedy. In any case, we find that such a course would have proved futile because of the state of the law which prevailed at the time of the board's action. Consequently, there was no need to exhaust that potential administrative remedy (*Matter of Veit* v. *Barbaro,* 59 Misc 2d 117, 119).

We therefore hold that the petition states a cause of action. It alleges that the denial of tenure by the respondent school board to the petitioner was solely in retaliation for the exercise of constitutional rights and also alleges facts which make out a case under the Taylor Law.

If the petitioner possesses all the attributes of an excellent teacher, but additionally arouses the displeasure of the school board merely because she is a union activist, she may not be denied tenure on that ground. On the other hand, we are not to be understood to hold, and we do not hold, that union activity provides a shelter for a teacher whom the board decides not to retain for bona fide, legitimate reasons. Thus, it will be for the trial court to decide whether to give credence to the board's claim that it was not motivated by a desire to punish the petitioner for her union activities and that it found her wanting for legitimate cognizable reasons.

The order appealed from should be reversed, on the law, with costs, and the respondent's motion to dismiss the petition should be denied; and the respondent should be required to serve its answer within 20 days after the entry of the order hereon.

HOPKINS, Acting P. J., MARTUSCELLO, SHAPIRO and BENJAMIN, JJ., concur.

Order reversed, on the law, with costs, and motion denied. Respondent's time to serve its answer is extended until 20 days after entry of the order to be made hereon.