In the Matter of DANIEL F. GATES, Doing Business as GATES HOMESTEAD FARMS, et al., Petitioners, *v.* FRANK WALKLEY, as Commissioner of Agriculture and Markets of the State of New York, Respondent.

Third Department, April 19, 1973.

*Carroll & Carroll* (*John B. Carroll* of counsel), for petitioners.

*Thomas G. Conway* for respondent.

COOKE, J. This is a proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in

the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review the constitutionality of article 21-A of the Agriculture and Markets Law and the legality of a determination of the Commissioner of Agriculture and Markets in making a dairy promotion order pursuant to said article.

Under the Dairy Promotion Act (art. 21-A of the Agriculture and Markets Law, as added by L. 1969, ch. 1008, as amd. by L. 1971, ch. 941, §§ 1, 2) the Commissioner of Agriculture and Markets is given the power to issue " dairy promotion orders " after giving public notice, holding a hearing, and obtaining the approval by referendum of 51% of the milk producers to be regulated under the act. Said orders, in substance, are to provide for a mandatory uniform rate of assessment against milk producers residing in New York State to be used in a program for advertising, promotion, education, and publicizing of dairy products, for marketing and product research, and for informational services. Such an order was promulgated in March of 1972 (1 NYCRR Part 40), after being duly approved, including a provision that the rate of assessment was to be not more than 5 cents per hundredweight of milk delivered by producers to milk dealers for sale, same to be effective on May 1, 1972. On April 25, 1972, the Commissioner's announced rate of assessment of 5 cents per hundredweight of milk, for the period of May 1, 1972 through April 30, 1973, was filed with the Secretary of State. This article 78 proceeding was commenced on August 31, 1972, to challenge the constitutionality of article 21-A and the legality of the aforesaid dairy promotion order.

Before reaching the merits, we must decide whether, as respondent contends, this action is barred by the four-month Statute of Limitations (CPLR 217). We conclude it is not. While respondent makes some fine distinctions as to when the order became final and binding so as to determine the time the Statute of Limitations began to run, we feel that the applicable rule in this instance compels us to look to when the order becomes final and binding in the sense of having an actual impact upon petitioners (8 Weinstein-Korn-Miller, N.Y. Civ. Prac., par. 7804.02). Where a determination is made on one date to become effective at a later date, the determination does not become final for purposes of the Statute of Limitations until the date it becomes effective (*Matter of Sippell* v. *Dowd,* 191 Misc. 558, 561, affd. 274 App. Div. 1027; 24 Carmody-Wait 2d, New York Practice, § 145:239, p. 15). In the instant case, petitioners' challenge is timely because it is obvious that they

could be affected through the imposition of the assessments only after the order became effective on May 1, 1972, this being within four months of the commencement of this proceeding.

As to the merits, we first hold the statutory scheme of article 21-A of the Agriculture and Markets Law to be constitutional (cf. *Wickham* v. *Trapani*, 26 A D 2d 216). Furthermore, we find the procedure followed herein to be permissible under the statute. The promotion order herein, which was duly promulgated after the requisite notice, hearing, and referendum, fixes a maximum level of assessment of 5 cents per hundredweight, which is lower than the maximum allowable under the statute. Consequently, it was not necessary that the announcement of the exact annual rate be preceded by another hearing and referendum since the exact rate falls within the limits already approved.

We have considered the other arguments raised by petitioners and find them to be without merit.

The determination should be confirmed, and petition dismissed, without costs.

STALEY, JR., J. P., SWEENEY, KANE and MAIN, JJ., concur.

Determination confirmed, and petition dismissed, without costs.