George Beisheim, Jr., J.
This is an article 78 proceeding brought by petition served October 25, 1973, for a judgment declaring that the action of the respondent Board of Education in terminating petitioner’s service as a science teacher in the Putnam Valley Central School District was illegal, arbitrary and capricious, and directing that petitioner be restored to her job with proper monetary benefits.
Petitioner was appointed as a teacher by the respondent on September 9, 1970, for a probationary period of three years. On or about March 28, 1973, in accordance with section 3013 of the Education Law, petitioner was recommended for tenure by the Superintendent of Schools, the Principal of the Middle School, and other supervisory personnel as a probationary teacher who has been found “competent, efficient and satisfactory”. The respondent reviewed said recommendation and decided not to grant tenure to petitioner.
In her first cause of action, petitioner alleges that she did not receive the required notice pursuant to subdivision 2 of section 3013 of the Education Law. This notice requirement provides that each probationary teacher who is not to be recommended for appointment on tenure shall be so notified in writing by the Superintendent not later than 60 days immediately preceding the expiration of hér probationary period. Petitioner contends that failure of such notice resulted in tenure being granted to her as a matter of law.
This contention is in error. Petitioner was recommended for tenure by the Superintendent of Schools and, therefore, was not entitled to the 60-day notice from the Superintendent of Schools.
In her second cause of action, petitioner alleges that she was recommended for tenure by the Superintendent of Schools and that notwithstanding such recommendation the board denied petitioner tenure without giving any reasons therefor after petitioner had requested that such reasons be given. She further alleges that section 3031 of the Education Law provides *1027 that when a teacher is not to be recommended for tenure by the Superintendent of Schools the teacher is entitled to be given the reasons for denial of such tenure and that the Board of Education, in denying petitioner tenure without giving reasons for such action, did not meet the intention of section 3031 of the Education Law.
The petitioner is in error as to this contention. Petitioner was recommended for tenure by the Superintendent of Schools and, therefore, was not entitled to a written statement why she was not recommended for tenure. In order for section 3031 to be called into play, the Superintendent of Schools must make a recommendation to the Board of Education that appointment on tenure not be granted to a probationary teacher. The Board of Education must review said recommendation at least 30 days prior to the Board of1 Education meeting at which such recommendation is to be considered, and the probationary teacher shall receive a notice of such intended recommendation and the date of the board meeting at which it is to be considered. Then, the teacher may, not later than 21 days prior to such meeting, request in writing that she be furnished with a written statement giving the reasons for such recommendation, and then seven' days thereafter such written statement shall be furnished. The teacher may file a written response to such statement with the district clerk not later than seven days prior to the date of the board meeting. The section applies to the procedure to be followed after the Superintendent’s adverse recommendation. It is inapplicable to procedure where the Superintendent has made a recommendation for tenure.
In her third cause of action, petitioner alleges, upon information and belief, that the rejection of the Superintendent’s recommendation must have been based on a reason other than the academic qualifications and teaching effectiveness of the petitioner since the Superintendent of Schools recommended her for tenure. Further, she alleges, upon information and belief, that the denial of tenure must have been based on an act or action of herself that comes within the framework of her constitutionally protected rights which include, but are not limited to, the right of free speech and rights of liberty and property.. Therefore, she argues, since the board’s actions have affected her constitutional rights, she may not be denied tenure without due process of law.
The petitioner is also in error in this, her third and final cause of action. This cause of action, seemingly, is an attempt to come within the principles stated in Matter of Tischler v. *1028 Board of Educ. of Monroe Woodbury Cent. School Dist. No. 1 (37 A D 2d 261). The distinction between the instant petition and that which was set forth in Matter of Tischler is that this petition lacks the factual basis to come within that holding. The allegations of the petition, made upon information and belief, paraphrased above, are based upon speculation and allege the conclusion that petitioner’s constitutional rights were violated. The petition does not set forth facts to support these conclusions. An examination of the Tischler case, where the Appellate Division, Second Department, Gulotta, J., reversed Special Term, shows this distinction (p. 265):
“We therefore hold that the petition states a cause of action. It alleges that the denial of tenure by the respondent school board to the petitioner was solely in retaliation for the exercise of constitutional rights and also alleges facts which make out a case under the Taylor Law.
“ If the petitioner possesses all the attributes of an excellent teacher, but additionally arouses the displeasure of the school board merely because she is a union activist, she may not be denied tenure on that ground. On the other hand, we are, not to be understood to hold, and we do not hold, that union activity provides a shelter for a teacher whom the board decides not to retain for bona fide, legitimate reasons. Thus, it will be for the trial court to decide whether to give credence to the board’s claim that it was not motivated by a desire to punish the petitioner for her union activities and that it found her wanting for legitimate cognizable reasons.”
Accordingly, the petition is dismissed as failing to state a cause of action. It is not necessary for this court to render a decision whether the petitioner has failed to bring her petition within the four-month Statute of Limitations set forth by CPLR 217, although it would appear from Matter of Gates v. Walkley (41 A D 2d 319) that the petition was not time barred.