George Beishbim, Jr., J.
This is an article 78 proceeding brought for a judgment annulling respondents’ determination which refused to renew petitioner’s contract as a teacher and co-ordinator of nursing of the New Rochelle High School and which refused to grant petitioner tenure, and compelling respondents to rehire petitioner and grant her tenure.
The proceeding is before this court by way of a motion to dismiss the petition on the ground that it does not state facts sufficient to state a cause of action.
Petitioner was until June 30, 1973, co-ordinator of nursing education of the New Rochelle High School of the City School District of New Rochelle. On September 1, 1970, she had commenced service as a teacher and thereafter as co-ordinator of nursing on a probationary basis pursuant to contract for a period of one year. She was reappointed on or about June 2, 1971, for a continued probationary period of one year and again in June, 1972, for a third probationary year terminating August 31, 1973.
On or about April 10,1973, petitioner was notified by a letter from the Superintendent of Schools dated April 2, 1973, that he intended to recommend to the Board of Education at its meeting on May 1, 1973, that she not be appointed on tenure and that her employment would be terminated when her current appointment ended on June 30,1973. Accompanying said letter was another letter from the Superintendent dated April 4, 1974 [sic] stating:
“ The enclosed letter is self-explanatory. However I want additionally, in a personal way, to inform you as to the reasons why you are not being recommended for tenure.
“ The information I have, indicates that you are knowledgable and are able to perform satisfactorily the normal professional obligations required in the teaching of a licensed practical nursing program. However, your total responsibilities include more than that. They include the ability to lead and inspire those who work in the program, and it is the feeling of the administration that in this important area your performance is less than acceptable.
“ I am sending this personal note because I know how much you have put into the program, and I think you should know we-have very much appreciated your service. I am only sorry that in terms of your total responsibilities you were not more successful.
*925 “ Best personal regards.”
- Petitioner on May 1, 1973, replied to said letter requesting that the Superintendent formally detail the reason for his proposed recommendation to the Board of Education. Petitioner contends her letter was a demand pursuant to section 3031 of the Education Law. On May 1, 1973, the respondent board, without further communication to petitioner, passed a resolution terminating petitioner’s employment and denying her tenure.
In addition to the alleged failure of the respondents to comply with section 3031 of the Education Law, the basis for the petition is a series of factual allegations made in paragraphs 9 through 34, inclusive, stating in substance that petitioner was discharged not because of dissatisfaction with her qualifications, but as a retaliatory measure because she had objected to the initiation of an educational program for the training of practical nurses and nurses’ aides which she claimed was being done in a manner violating the guidelines and curriculum issued by the State Department of Education. Specifically, she stated that the program for nurses’ aides was to be open only to those students suffering from substantial mental retardation or physical defects, or both, allegedly in violation of the State guidelines.
Petitioner further contends she was discharged because she objected to the alleged improper action taken by respondents in delegating to others the supervision and evaluation of the nursing faculty and students which duties were properly the function of the position she held. At paragraph 34 of the petition she alleges that she was orally informed by her principal on March 16, 1973, she would not be recommended for tenure because of her alleged difficulties with her supervisors. Petitioner further alleges that the orders given by respondents outlined above violated the “ Code of Ethics ” regulating the conduct of nursing in the State of New York as well as the guidelines of the State Education Department and that she was refused tenure for exercising her constitutional rights in expressing her views in respect to the foregoing matters and, therefore, that she is entitled to a hearing before she may be discharged in order to determine whether she was discharged for improper reasons.
The court holds that petitioner has stated a cause of action similar in principle to those recognized in the cases of Matter of Bergstein v. Board of Educ., Union Free School Dist. No. 1 (42 A D 2d 591); Matter of Tischler v. Board of Educ. of Monroe Woodbury Cent. School Dist. (37 A D 2d 261) and Matter of *926 Di Prima v. Board of Educ., Cent. School Dist. No. 1 (N. Y. L. J., May 4, 1973, p. 21, col. 2 [Sup. Ct., Nassau County, Suozzi, J.]).
This court finds that tenure should not be denied to petitioner because she made requests that the respondents adhere to the lawful curriculum, as she understood it to be, established by the State Department of Education, and adhere to what she deemed to be the lawful procedures established for the evaluation and supervision of nursing teachers and students. Notification to her superiors by petitioner of her views concerning the proper procedures to be followed in order to conform with the law is a practice which should not be curtailed by the denial of tenure. This does not mean, however, that such “ activity provides a shelter for a teacher whom the board decides not to retain for bona fide, legitimate reasons.” (Matter of Tischler, supra, p. 265.)
It is also petitioner’s contention that she is entitled to a hearing by reason of the fact that respondents did not comply with section 3031 of the Education Law. The statute which became effective July 1, 1972, states:
“ § 3031. Procedure when tenure not to be granted at conclusion of probationary period or when services to be discontinued.
“ Notwithstanding any other provision of this chapter and except in cities having a population of one million or more, boards of education and boards of cooperative educational services shall review all recommendations not to appoint a person on tenure, and, teachers employed on probation by any school district or by any board of cooperative educational services, as to whom a recommendation is to be made that appointment on tenure not be granted or that their services be discontinued shall, at least thirty days prior to the board meeting at which such recommendation is to be considered, be notified of such intended recommendation and the date of the board meeting at which it is to be considered. Such teacher may, not later than twenty-one days prior to such meeting, request in writing that he be furnished with a written statement giving the reasons for such recommendation and within seven days thereafter such written statement shall be furnished. Such teacher may file a written response to such statement with the district clerk not later than seven days prior to the date of the board meeting.
“ This section shall not be construed as modifying existing law with respect to the rights of probationary teachers or the powers and duties of boards of education or boards of cooperative educational services, with respect to the discontinuance of services of teachers or appointments on tenure of teachers.”
*927 Since petitioner was notified that she would not be recommended for tenure on April 10, 1973, after the effective date of the statute, and was denied tenure after the effective date, she was entitled to the benefit of the statute (cf. Matter of Baronoff v. Board of Educ., Union Free School Dist. No. 18, 72 Misc 2d 959, 961-962) unless her demand for a written statement giving the reasons for the adverse recommendation was not timely made.
Respondents contend that section 3031 was complied with both in spirit and in fact, by the oral and written notifications received by petitioner which are recited above. This court finds that the informal procedures adopted by respondents, especially the personal note from the Superintendent dated April 4, 1974, set forth above, were untimely and do not satisfy the requirements of section 3031. (Matter of McGrath, 13 Ed. Dept. Rep. -, No. 8699, Sept. 10,1973.) The fact that petitioner did not file a written response to the letter of April 4,1974 [sic] did not foreclose her rights in this matter, inasmuch as under section 3031 a teacher’s response in such a situation is optional, not mandatory.
In this court’s view of the case, it is unnecessary to consider the respondent’s argument that even if there was no compliance with section 3031, the board could not grant petitioner tenure, citing Matter of Waterman (13 Ed. Dept. Rep.-, No. 8174, Sept. 10, 1970) (cf. Matter of McGrath, supra, which is contra on this point), since the petition sets forth facts that the petitioner was dismissed for improper reasons.
Accordingly, the respondents’ motion to dismiss the petition is denied and the respondents are required to serve their answer in accordance with the provisions of CPLR 7804 (subd. [f]) except that respondents shall have 20 days to serve and file their answer after service of the order with notice of entry.