In the Matter of HADASSAH WININGER, Respondent, v. ARTHUR WILLIAMSON, as Superintendent of Schools of Pearl River School District, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR to annul appellants' determination terminating petitioner's employment, the appeal is from an order of the Supreme Court, Rockland County, dated February 19, 1974, which denied appellants' motion to dismiss the proceeding as barred by the four-month Statute of Limitations (CPLR 217). Leave for the taking of the appeal is herewith granted by Acting Presiding Justice Hopkins (see CPLR 5701, subds. [b], [c]). Order affirmed, with $20 costs and disbursements. Appellants' time to answer the petition is extended until 20 days after entry of the order to be made hereon. On June 12, 1973 the appellant Board of Education, acting on the recommendation of the appellant Superintendent of Schools, voted to terminate petitioner's employment as a teacher, effective June 30, 1973. Appellants notified petitioner of this fact on June 27, 1973. The within proceeding was commenced on October 30, 1973. In our opinion the proceeding was timely brought. CPLR 217 provides that an article 78 proceeding must be commenced "within four months after the determination to be reviewed becomes final and binding upon the petitioner". We are in agreement with Special Term that where a determination is made on one date to become effective at a later date, the determination does not become "final and binding" for purposes of the Statute of Limitations until the date it becomes effective. Since petitioner's services were not terminated until June 30, 1973, the Statute of Limitations did not begin to run until that time (Matter of Balacek v. Board of Trustees of Fire Dept. Pension Fund & Related Funds of City of N. Y., 26 N. Y. S. 2d 419, revd. on other grounds 263 App. Div. 712, affd. 288 N. Y. 640; Matter of Fryer v. Broome County Bd. of Supervisors, 37 A D 2d 755; cf. Matter of Gates v. Walkley, 41 A D 2d 319). Hopkins, Acting P. J., Martuscello, Latham, Brennan and Benjamin, JJ., concur.

JUDITH KAHN et al., Respodents, v. DAN's SUPREME SUPERMARKET, INC., Appellant.— Order of the Supreme Court, Queens County, dated March 4, 1974, affirmed, with $20 costs and disbursements (cf. Marco v. Sachs, 10 N Y 2d 542, 550). Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.