■ In the Matter of PAUL W. WIMMER, Appellant, v WILLIAM E. KIRWAN, as Superintendent of the New York State Police, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered September 20, 1974 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition. Following a hearing, it was recommended that petitioner be dismissed from his position as a Trooper with the New York State Police. The respondent Superintendent of State Police concurred in and approved of the hearing panel's findings and conclusions and, on August 4, 1972, issued his decision dismissing petitioner from his position as of that date. On the same day, the Superintendent notified petitioner of this determination by letter and enclosed a copy of his decision and the panel's findings and conclusions. The instant proceeding to review and annul that determination was not commenced until January of 1974 and Special Term dismissed it for want of compliance with the four-month period of limitation contained in CPLR 217. This appeal ensued.

There is no contention that petitioner failed to receive any of the documents informing him of his discharge and the involved determination plainly became final and binding within the meaning of CPLR 217 upon the effective date of his dismissal *(Matter of Gates v Walkley,* 41 AD2d 319; *Matter of Fryer v Broome County Bd. of Supervisors,* 37 AD2d 755). We find absolutely no merit in petitioner's argument that the four-month period did not begin to run because he was never served with any "order". It does not appear that any such order was required to effectuate his removal (Executive Law, § 215, subd 3), but was properly accomplished by a decision of the Superintendent which, by its very terms, was self-executing. Accordingly, we agree that the instant proceeding to review that determination was not timely commenced (cf. *Matter of Wininger v Williamson,* 46 AD2d 689). Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Kane, Koreman and Main, JJ., concur.