In the Matter of STEPHEN J. SIKORA, Respondent, v BOARD OF EDUCATION OF CUBA CENTRAL SCHOOL DISTRICT, Appellant.

Fourth Department, February 24, 1976

*Williams, Sprague & Hulbert (Peter K. Hulbert* of counsel), for appellant.

*Loren L. Bly* for respondent.

DILLON, J. Respondent Board of Education of the Cuba Central School District (Board) appeals from a judgment which found the proceeding of Stephen J. Sikora (petitioner) to be timely brought, voided the action of the Board in denying tenure to petitioner and enjoined the Board from terminating petitioner's employment until there was compliance with sections 3013 and 3031 of the Education Law.

Petitioner was employed by the Board as a probationary secondary English teacher for the 1972-1973 school year and continued in that capacity through the 1974-1975 school year. While in his third probationary year, the Board's District Superintendent and Supervising Principal both affirmatively recommended to the Board that tenure be granted to petitioner. At a meeting of Board members on February 19, 1975, tenure was denied to petitioner and on the following day, by letter, he was notified that his employment would be terminated effective June 30, 1975. The Board gave no reason for the denial of tenure after request to do so by petitioner, indicating that the action was in exercise of its "discretionary authority".

Through his attorney, by letter dated May 30, 1975, petitioner requested permission to meet with the Board in executive session for "reconsideration of the board's action of February 19, 1975 in denying tenure to petitioner". The Board, with its attorney, and petitioner, with his attorney, met in executive session on June 17, 1975. At a special meeting of the Board on June 20, 1975 a motion to reconsider the denial of tenure to petitioner failed for lack of a second and petitioner was notified by letter of June 23, 1975 that there was no change in the determination made by the Board on February 19, 1975.

This article 78 proceeding was instituted by order to show cause on June 27, 1975. The Board contends that the petition should be dismissed because the relief sought is barred by the Statute of Limitations for an article 78 proceeding. A proceeding against a body or officer must be commenced within four

months after the determination to be reviewed becomes final and binding upon the petitioner (CPLR 217). However, "where a determination is made on one date to become effective at a later date, the determination does not become 'final and binding' for purposes of the Statute of Limitations until the date it becomes effective." *(Matter of Wininger v Williamson,* 46 AD2d 689; *Matter of Gates v Walkley,* 41 AD2d 319; *Matter of Fryer v Broome County Bd. of Supervisors,* 37 AD2d 755.)

In *Wininger* the principle was applied to a school teacher in upholding the timeliness of the petition. It appears from the Board's letter of February 20, 1975 that the "effective" date of the termination of petitioner's employment as a result of the denial of tenure was June 30, 1975. The decision, then, did not become "final and binding" until that date. Thus, the petitioner's action is not time-barred under CPLR 217.

The next question presented deals with the applicability of sections 3013 and 3031 of the Education Law to the facts at hand. Subdivision 2 of section 3013 mandates that the principal (superintendent) of a school district, on or before the expiration of a teacher's probationary term, "make a written report to the board of education * * * recommending for appointment on tenure those persons who have been found competent, efficient and satisfactory." Any probationary teacher not recommended must be so notified in writing by the principal of the district at least 60 days before the expiration of his probationary term. In that event the probationary teacher is afforded certain procedural rights under section 3031 (generally known as the Fair Dismissal Law), among which are notice of the date that the adverse recommendation will be considered by the school board, receipt, upon request, of the reason for the adverse recommendation and the opportunity to file a written response.

Here, both the District Superintendent and the District Principal affirmatively recommended petitioner for tenure, apparently having found him to be "competent, efficient and satisfactory." Notwithstanding, the Board chose not to follow their recommendation and denied him tenure. It is well established in New York law that a school board may deny tenure to a probationary teacher without granting a hearing or giving any reason for the denial. *(Matter of Bergstein v Board of Educ.,* 34 NY2d 318; *Matter of Tischler v Board of Educ.,* 37 AD2d 261; *Matter of High v Board of Educ.,* 169

Misc 98, affd 256 App Div 1074, affd 281 NY 815.) The principle prevails even though there is before the school board a recommendation that tenure be granted. *(Board of Educ. of Chautauqua Cent. School Dist. v Chautauqua Cent. School Teachers Assn.,* 41 AD2d 47, 52 citing *Legislative Conference v Board of Higher Educ.,* 38 AD2d 478, 481, affd 31 NY2d 926.)

Here, Special Term, without a hearing, reached out to find that "at some point the board considered someone's recommendation that petitioner not be granted tenure" and thereby brought into application the procedural rights afforded a probationary teacher under section 3031 of the Education Law. In so doing Special Term erred. We hold that where the principal of a school district recommends to a school board the appointment on tenure of a probationary teacher, section 3031 does not apply (see *Opert v Board of Educ., Putnam Val. Cent. School Dist.,* 76 Misc 2d 1025). The order of Special Term enjoining the Board from terminating the employment of petitioner until there has been compliance with the provisions of sections 3013 and 3031 of the Education Law must be reversed.

Though it appears anomalous that a probationary teacher, found by his superintendent and principal to be unworthy of tenure, is afforded greater procedural protection than his counterpart who is found to be "competent, efficient and satisfactory", the statute is designed to provide a school board with additional input into its decisional process upon an adverse recommendation on tenure from the proper authority. It is inconsequential, however, whether the recommendation to the school board is favorable or unfavorable in terms of circumscribing the broad discretionary power it has in tenure matters, if exercised within constitutionally permissible limits.

The Board further urges dismissal, claiming that petitioner has failed to exhaust his administrative remedies in not having appealed (Education Law, § 310) the Board's decision to the Commissioner of Education. This contention is without merit. It is well established that article 78 provides the appropriate vehicle for review of such matters where the claim is based upon a denial of constitutional guarantees of free speech and assembly. *(Matter of Bergstein v Board of Educ.,* 34 NY2d 318, *supra; Matter of Tischler v Board of Educ.,* 37 AD2d 261, *supra; Matter of Helsby v Board of Educ.,* 34 AD2d 361; *Matter of Brown v Board of Educ.,* 76 Misc 2d 923.)

Petitioner is a member of the Cuba Teachers Association and was named by members of that association to the negotiating committee formed for the purpose of negotiating a contract with the Board for the period July 1, 1974 through June 30, 1976. He alleges that in conjunction with those duties he was involved in several meetings with various representatives and employees of the Board and that he dutifully and continuously discharged his responsibilities. Furthermore, he alleges that in his individual and personal capacity, he also attended various meetings with members of the Board, the faculty and the administration of the Board, and expressed viewpoints on matters under discussion, though his views often differed with opinions expressed by others of the faculty, Board of Education, and administration. He contends that at times he was critical of policies and programs within the educational system and the effect of such policies upon the education of the students within the Cuba Central School District. He concludes that though his conduct was lawful and constitutionally protected, he was denied tenure by the Board as a consequence of his activities on his own behalf and on behalf of the Cuba Teachers Association.

Though the Board denies the entire thrust of these allegations, it is noted that of six teachers favorably recommended for tenure by the District Superintendent, five were granted tenure by the Board on February 19, 1975. Only the petitioner was denied tenure and though the Board has no obligation to give any reason for such denial, the record is devoid of any explanation for this isolated act. *Matter of Bergstein (supra,* p 322) instructs us that "As broad as the board's discretion may be * * * it is also the rule that a school board may not deny tenure to retaliate for a teacher's exercise of his constitutional rights of free speech and association" (citing *Board of Regents v Roth,* 408 US 564; *Perry v Sindermann,* 408 US 593; *Pickering v Board of Educ.,* 391 US 563; *Matter of Tischler v Board of Educ., supra).* While we recognize that bare allegations of constitutional infringement are insufficient to satisfy established pleading requirements *(James v Board of Educ. of Cent. School Dist. No. 1 of Towns of Orangetown and Clarkstown,* 37 NY2d 891), here the petitioner has stated a viable cause of action in contending that the Board acted in violation of his constitutional guarantees. *(Matter of Tischler v Board of Educ., supra.)* The Board's denial frames the issue. It now becomes the burden of the petitioner to come forth at a

hearing to prove with legal and competent evidence that which he has alleged *(Matter of Bergstein v Board of Educ., supra).* Should he fail to do so, his petition must be dismissed.

The judgment appealed from should be reversed and the matter remitted to Special Term, Allegany County, for a hearing in accordance with this opinion.

MARSH, P.J., SIMONS, GOLDMAN and WITMER, JJ., concur.

Judgment unanimously reversed on the law without costs and matter remitted to Special Term, Allegany County for a hearing in accordance with opinion by DILLON, J.