■ In the Matter of DANIEL F. GATES, Doing Business as GATES HOMESTEAD FARMS, et al., Appellants-Respondents, v JOHN S. DYSON, as Commissioner of Agriculture and Markets of the State of New York, Respondent-Appellant.—Cross appeals from a judgment of the Supreme Court at Special Term, entered April 8, 1976 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to vacate an extension of a dairy promotion order, but required the respondent commissioner to make available to petitioners for inspection and copying all information in his possession concerning the referendum conducted prior to the issuance of said order. We are concerned with the extension of a dairy promotion order purportedly made in accordance with procedures set forth in article 21-A of the Agriculture and Markets Law. Known as the Dairy Promotion Act, its provisions were described and found to be constitutional by this court in an earlier proceeding (Matter of Gates v Walkley, 41 AD2d 319). On this appeal petitioners contend that the statute mandates a public hearing and factual findings by the commissioner as a precondition to the extension of an existing order. On the cross appeal, respondent asserts that section 23 of the Agriculture and Markets Law authorizes the denial of access to the ballots of those producers who voted on the extension question. As to the first issue, we agree that the procedures adopted by the commissioner were correct. Section 258-aa of the Agriculture and Markets Law provides that such a promotion order, if not amended or otherwise voted upon within three years "shall be *submitted for approval* in the manner required in this subdivision." (Agriculture and Markets Law, § 258-aa, subd [c], par [2], cl [c]; emphasis supplied.) The "approval" procedures referred to merely necessitate the affirmative vote of 51% of the producers affected by the order (Agriculture and Markets Law, § 258-aa, subd [c], par [2], cl [a]). In our view, the commissioner properly complied with the statutory requirements for the extension of an existing order without conducting a new hearing. We further note that a contrary holding would effectively direct the issuance of a new promotion order every three years, a burdensome process not within the intent of the Legislature as gained from a reading of the article in its entirety (cf. *Matter of Gates v Walkley, supra).* Insofar as petitioners requested an inspection of the referendum ballots and co-operative milk producer lists, we agree with Special Term in granting them relief to that extent. There is nothing in the commissioner's regulations that catalog the requested information as confidential (Agriculture and Markets Law, § 23; 1 NYCRR Part 360), nor does this record demonstrate that any information so obtained would be used for private or commercial purpose thereby exempting it from disclosure (Public Officers Law, § 88, subds 3, 7). On the contrary, it clearly appears that petitioners are challenging and seek only to verify the results of the referendum extending the dairy promotion order, and there is absent the requisite showing by the governmental agency that such information should be exempt (cf. *Matter of Zuckerman v New York State Bd. of Parole,* 53 AD2d 405). Judgment affirmed, without costs. Greenblott, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.