■ In the Matter of CITY SCHOOL DISTRICT, PEEKSKILL, Respondent, v PEEKSKILL FACULTY ASSOCIATION—NYSUT, Appellant.—In a proceeding to stay arbitration, the appeal is from an order of the Supreme Court, Westchester County, dated May 2, 1977, which granted the application. Order reversed, on the law, with $50 costs and disbursements, proceeding dis-

missed on the merits, and the parties are directed to proceed to arbitration forthwith. No fact questions were presented for review. The collective bargaining agreement between the parties (the agreement) provides, in pertinent part: "ARTICLE III. GRIEVANCE PROCEDURES A. DECLARATION OF POLICY * * * The provisions of these procedures shall be liberally construed * * * B. DEFINITIONS * * * 6. *Grievance* shall mean a claim by any member or group of members of this unit based upon any event affecting terms and conditions of employment. * * * C. BASIC PRINCIPLES * * * 2. An employee shall have the right to present grievances in accordance with these procedures, free from coercion, interference, restraint, discrimination or reprisal. Any person called to witness or participate in said procedures shall also be free from coercion, interference, restraint, discrimination or reprisal. * * * D. PROCEDURES *. * * 2. FORMAL STAGE * * * *Level Five* * * * c. * * * The arbitrator shall be without power or authority to make any decision which requires the commission of an act prohibited by law or mandated upon within the sole discretion of the Board. Nor shall the arbitrator make any decision which is violative of the terms of this agreement. The decision of the arbitrator concerning any grievance which arises from the interpretation and/or application of the terms of this agreement shall be binding and final. In grievances arising outside the scope of the agreement, the recommendations of the arbitrator shall be advisory. * * * ARTICLE XII FAIR DISMISSAL No teacher shall be disciplined or dismissed except for just cause and in accordance with Sections 3031 or 3020-a of the Education Law." A nontenured teacher, one Thomas Velardi, had successfully prosecuted a grievance proceeding in which the school district was directed to reinstate him after his dismissal during his probationary term. At the end of his probationary term, Velardi was denied tenure notwithstanding recommendations to the contrary by the principal and school superintendent. A grievance was filed and the appellant association concurrently pursued its statutory remedy before the Public Employment Relations Board (PERB), both on the allegation that Velardi was dismissed at the end of the probationary period in reprisal for his previous successful prosecution of a grievance. A week prior to the association's demand for arbitration, the PERB decided, after a hearing, that although the circumstances were suspicious, the association had not met its burden of proof. The Special Term granted a stay of arbitration on the grounds that (1) a provision that a nontenured teacher may not be dismissed at the end of the probationary period "without just cause" is contrary to public policy and unenforceable (citing *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774); (2) the issues of just cause and reprisal raised by the association are identical; and (3) under the doctrine of *res judicata,* the association is barred from pursuing arbitration by the PERB's unfavorable determination. The demand for arbitration charges that the dismissal was in reprisal for Velardi's previous successful pursuit of a grievance. The grievance-arbitration process is clearly an activity protected under the Taylor Law (see Civil Service Law, art 14). A nontenured teacher may be refused tenure and dismissed without reasons being given therefor, *except* where it has been established that the dismissal was for constitutionally impermissible reasons or in violation of statutory proscriptions *(Cohoes, supra,* p 777). The Taylor Law is such a statutory proscription *(Matter of Tischler v Board of Educ.,* 37 AD2d 261, 264; *Board of Educ. v Helsby,* 37 AD2d 493, affd 32 NY2d 660). We hold, therefore, that to the extent that the alleged unjust cause is in violation of the Taylor Law, the just cause provision in the agreement (art XII) is enforceable. It is not disputed that the parties agreed to arbitrate

that clause. It follows that they agreed to arbitrate the violation charged, namely Velardi's dismissal in retaliation for the exercise of statutorily protected rights. The latter is merely one example of the larger category of unjust causes. It is unnecessary to consider whether the parties agreed to arbitrate the clause of the agreement which expressly refers to freedom from reprisal (art III, subd C, par 2). Further, we hold that the dismissal of the improper practice charges by the PERB does not foreclose the association's right to arbitrate. The contractual right to arbitration and the statutory right to fair employment have legally independent origins and are equally available to the association. The violation of these rights by the same factual occurrence does not vitiate their separate nature. Parties look to the arbitrator for his knowledge and judgment with respect to the demands and norms of teacher-administrator relations (see *Alexander v Gardner-Denver Co.,* 415 US 36, 50, 52, 57). There is here "no prospect of incongruity of double result" (see *Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School Teachers Assn.],* 35 NY2d 599, 606). Stating that the burden of proving that Velardi was discharged in retaliation for the prosecution of the grievance was upon the association, the PERB dismissed the charge on the ground that the evidence was "sufficient merely to support a suspicion but not sufficient to warrant a finding upon which legal rights and obligations are based." However, the usual rules of evidence do not apply to arbitration. We are not concerned here with dual maintenance of arbitration and an action at law for breach of a contract between private parties. What is involved here is a collective bargaining agreement negotiated pursuant to the Taylor Law by public employees who are statutorily prohibited from striking (Civil Service Law, § 200). We should therefore be particularly reluctant to place any limitation on the exercise of their bargained-for right to arbitration. It has long been "recognized that 'the choice of forums inevitably affects the scope of the substantive right to be vindicated' " *(Alexander v Gardner-Denver Co., supra,* p 56). The PERB determination should be considered by the arbitrator and accorded as much weight as the arbitrator deems appropriate (see *Alexander v Gardner-Denver Co., supra,* p 60). Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.