■ In the Matter of JOSEPH AMETRANO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Judgment, Supreme Court, New York County, entered October 16, 1979, granting the petition to the extent of ordering a new disciplinary proceeding, reversed, on the law, and cross motion to dismiss the petition granted, without costs. At a departmental disciplinary hearing, the petitioner was found guilty of threatening to shoot an individual named Monds. Petitioner's guilt on that one charge was established by the submission of a certificate of disposition that indicated he had been convicted of reckless endangerment in the second degree. In a letter dated October 18, 1977, the respondent informed the petitioner that, effective at the close of business on October 28, 1976, he was dismissed as a Housing Authority police officer. On December 4, 1978, the Appellate Term for the Second and Eleventh Judicial Districts reversed the petitioner's conviction and ordered a new trial. The criminal proceedings against the petitioner were eventually dismissed on May 4, 1979. On or about April 2, 1979, this CPLR article 78 proceeding was brought to compel the petitioner's reinstatement as a police officer. The petitioner was required to bring this proceeding within four months after the administrative determination became final and binding upon him (CPLR 217). Hence, petitioner was required to institute it within four months after the effective date of his dismissal, October 28, 1976. (Matter of Wininger v Williamson, 46 AD2d 689.) Since this proceeding was brought over 17 months after the effective date of petitioner's dismissal, it is barred by the four-month Statute of Limitations (Matter of Napolitano v Murphy, 28 AD2d 852). The reversal of petitioner's criminal conviction and the ultimate dismissal of those charges occurred after the four-month statute had run, and thus, they do not control

the disposition of this appeal. Concur—Murphy, P. J., Kupferman, Birns, Bloom and Lynch, JJ.