■ In the Matter of THOMAS DE MILIO, Appellant, v WILLIAM G. BORGHARD, as Commissioner of the Department of Environmental Facilities, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review respondents' determination terminating petitioner's probationary employment, and to compel his reinstatement, petitioner appeals from a judgment of the Supreme Court, Westchester County, entered May 6, 1980, which dismissed the petition. Judgment affirmed, with $50 costs and disbursements. This petition, served March 5, 1980, sought to review respondents' determination terminating petitioner's probationary employment effective as of October 25, 1979. By an attorney's letter dated October 29, 1979, petitioner requested a review of the respondents' determination. Petitioner claims he received a negative response on or about November 15, 1979, from which date he would seek to have the four-month Statute of Limitations (CPLR 217) run, thus making his application timely. Since an application to reconsider an administrative determination does not extend the four-month statutory period *(Matter of Qualey v Shang,* 70 AD2d 619), October 25, 1979 is the time from which the statute runs (see *Matter of Wininger v Williamson,* 46 AD2d 689). Accordingly, Special Term properly dismissed the petition as untimely (see *Matter of Davis v Westchester County Personnel Off.,* 75 AD2d 600). Hopkins, Titone and Gibbons, JJ., concur.

Weinstein, J., dissents and votes to reverse the judgment and reinstate the petition, with the following memorandum, in which Mollen, P. J., concurs. The issue is when the four-month Statute of Limitations for a proceeding against a body or officer (see CPLR 217) begins to run. Pursuant to the statute, the period begins to run when "the determination to be reviewed becomes final and binding upon the petitioner", and generally, this is

deemed to be either the date of notification as to the determination (see *Matter of Meliti v Nyquist,* 41 NY2d 183; *Matter of Davis v Westchester County Personnel Off.,* 75 AD2d 600), or the effective date thereof, if it is later (see *Matter of Wininger v Williamson,* 46 AD2d 689; *Matter of Fryer v Broome County Bd. of Supervisors,* 37 AD2d 755). "The weight of authority, however, supports the proposition that an employee, such as petitioner here-in, who is discharged from his governmental position without a hearing is not required to seek reinstatement within four months from discharge, but may delay until such time as he had demanded reinstatement and has been refused" *(Matter of Sirles v Cordary,* 49 AD2d 330, 332; also quoted in *Matter of Johnson v Director, Downstate Med. Center,* 52 AD2d 357, 361, affd 41 NY2d 1061; see, also, *Austin v Board of Higher Educ. of City of N. Y.,* 5 NY2d 430, 442; *Matter of Burke v Village of Johnson City,* 36 AD2d 202, affd 29 NY2d 846). Accordingly, as the petitioner herein promptly requested re-examination of the facts surrounding his dismissal, so that there is no question of laches (see *Matter of Sirles v Cordary, supra),* the Statute of Limitations did not begin to run until the request was denied on November 15, 1979, and hence, this proceeding is timely.