■ In the Matter of ROBERT BEVINS, Appellant, v ROBERT C. BURGHER, as Superintendent of the Ulster County Highway Department, Respondent. (And Another Related Proceeding.) — Appeals from judgments of the Supreme Court at Special Term (Klein, J.), entered July 28, 1980 in Ulster County, which dismissed petitioners' applications, in proceedings pursuant to CPLR article 78, to challenge their dismissals from the Ulster County Highway Department. Each of the petitioners was formerly an employee of the Ulster County Highway Department, and following hearings they were each found to be guilty of misconduct related to their employment. As a result, on December 31, 1979, copies of the charges against each of them, their written answers thereto, the transcripts of the hearings and the ultimate determinations were filed in the office of the Highway Department and also with the Ulster County Personnel Officer. That same day, letters were sent to each of the petitioners and to their attorney advising them of the findings of misconduct and of the punishments imposed, i.e., dismissal from service effective immediately. Subsequently, on May 2, 1980, the instant article 78 proceedings were instituted to annul respondent's determinations dismissing petitioners, and Special Term thereafter dismissed the petitions as untimely. The challenged judgments of Special Term should be affirmed. Pursuant to CPLR 217, petitioners were required to commence their proceedings challenging respondent's determinations within four months after the determinations became final and binding on them, and in a case involving the dismissal of an employee, the determination becomes final and binding and the four-month limitations period begins to run on the effective date of the dismissal *(Matter of Ametrano v New York City Housing Auth.,* 76 AD2d 811; *Matter of Jadav v New York City Tr. Auth.,* 70 AD2d 853; *Matter of Wimmer v Kirwan,* 51 AD2d 635). In these present instances, since petitioners' dismissals were effective December 31, 1979, and

these proceedings were commenced over four months later on May 2, 1980, the petitions were properly dismissed as untimely. In so ruling, we lastly note petitioners' contention that a determination could be made by a government agency, which could then purposefully withhold notification of the determination to the affected party, thus allowing the limitations period to run while said party had no knowledge of the determination. Such an argument ignores reality in cases of dismissal, however, wherein discharged employees quickly learn of their discharges upon reporting for work after the discharges become effective. Judgments affirmed, without costs. Sweeney, J.P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.