■ In the Matter of SEBASTIAN BIONDO, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Pitt, J.), entered November 27, 1981 in Albany County,

which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Board of Parole dismissing as moot his parole revocation appeal. Petitioner, a former inmate at the Auburn Correctional Facility, takes exception to respondent's determination that the expiration of his sentences, on February 5, 1981, rendered a then pending administrative appeal concerning his prior parole status moot. As this article 78 proceeding was not commenced within the time prescribed in CPLR 217, Special Term properly dismissed the petition. Section 217 plainly requires that this proceeding be brought within four months "after the determination to be reviewed becomes final and binding upon the petitioner". Here, the decision of the Board of Parole Appeals Unit dismissing petitioner's appeal was issued on April 17, 1981. The notice of petition and petition challenging that decision were not served upon respondent until August 19, 1981, two days after the four-month period expired. Contrary to petitioner's assertion, there is no requirement that to trigger running of the Statute of Limitations, proof of service of the determination to be reviewed must first be demonstrated. The statute is quite straightforward in providing that the time period commences immediately upon the issuance of a final determination (*Matter of Wimmer v Kirwan,* 51 AD2d 635). There has been no showing that petitioner's untimely initiation of this proceeding was the result of any delay occasioned by the service of that decision (see *Matter of Bevins v Burgher,* 83 AD2d 662). And petitioner's reliance upon *Coonradt v Averill Park Cent. School Dist.* (73 AD2d 747) is misplaced. There we dealt with an application of CPLR 5513 (subd [a]) which explicitly requires service of an order before the statutory appeal period begins to run. Finally, we are of the view that the three-day extension allowed by CPLR 2103 in "pending actions", when service is made by mail, is inapplicable to the service of papers by an administrative agency prior to the commencement of a judicial proceeding (*Carassavas v New York State Dept. of Social Servs.,* 90 AD2d 630; *Matter of Express Limousine Serv. v Hennessy,* 72 AD2d 864; see *Monarch Ins. Co. v Pollack,* 32 AD2d 819). Judgment affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.