■ NAFTAL ASSOCIATES et al., Appellants, v TOWN OF BROOKHAVEN, Respondent.—In an action, inter alia, for judgment declaring invalid the rezoning of the plaintiffs' properties, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Brown, J.), entered November 6, 1989, as granted that branch of the defendant's motion which was to dismiss the first cause of action as time-barred. The appeal brings up for review of a resettled order of the same court, dated March 26, 1991, which granted that branch of the defendant's motion which was to dismiss the first cause of action only to the extent that those claims asserted in the first cause of action are based upon the defendant's failure to comply with provisions of the New York State Environmental Quality Review Act (see, CPLR 5517 [b]).

Ordered that the appeal from the order entered November 6, 1989, is dismissed, as that order was superseded by the resettled order dated March 26, 1991; and it is further,

Ordered that the order dated March 26, 1991, is reversed insofar as reviewed, on the law, the provision of the order entered November 6, 1989, which granted that branch of the

defendant's motion which was to dismiss the first cause of action as time-barred is vacated, and the defendant's motion is denied in its entirety; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

Each of the plaintiffs owns a parcel of property within the Town of Brookhaven that was rezoned from commercial to residential status. The resolutions amending the zoning ordinance were voted on by the Town Board at a public hearing on November 15, 1988. Before passing the resolutions, the Town issued negative declarations with respect to the proposed actions, and those declarations were filed with the Town Clerk on December 16, 1988. Notices of the passage of the resolutions were published in the local newspaper on February 2, 1989, and the rezoning became effective on February 14, 1989. On that date, notices of the rezoning were sent to the plaintiffs. The plaintiffs commenced this action on April 4, 1989, seeking a judgment declaring the aforementioned resolutions invalid. The Town moved to dismiss the complaint, alleging, in part, that the plaintiffs' claim of a violation of the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) was barred by the four-month Statute of Limitations in CPLR 217. The Supreme Court granted the Town's motion to the extent of dismissing the plaintiffs' SEQRA violation claim on Statute of Limitations grounds. We reverse.

As a general rule, "a proceeding alleging SEQRA violations in the enactment of legislation must be commenced within four months of the date of the enactment of the ordinance" *(Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 200; *Clempner v Town of Southold,* 154 AD2d 421, 423; *Weinstein Enters. v Town of Kent,* 135 AD2d 625). Here, however, pursuant to Town Law § 265 (2), the amendments did not become effective until February 14, 1989, approximately 10 days after publication. It was only on February 14, 1989, that the plaintiffs were personally notified of the resolutions. Until that time the plaintiffs would have had little incentive to challenge the resolutions, as they were of no effect *(see, Benigno v Cohalan,* 40 NY2d 880; *Town of Lima v Slocum Enters.,* 38 AD2d 503, 508). "Where a determination is made on one date to become effective at a later date, the determination does not become final for purposes of the Statute of Limitations until the date it becomes effective *(Matter of Sippell* v. *Dowd,* 191 Misc. 558, 561, affd. 274 App. Div. 1027; 24 Carmody-Wait 2d, New York Practice, § 145:239, p. 15)" *(Matter of Gates v Walkley,* 41 AD2d 319, 320; *Matter of Calvert v Westchester County Personnel Off.,* 128 AD2d 523;

*Matter of Cordani v Board of Educ.,* 66 AD2d 780, 781; *Matter of Sikora v Board of Educ.,* 51 AD2d 135, 137; *Matter of Wininger v Williamson,* 46 AD2d 689). Thus, we conclude that the resolutions did not become final and binding upon the plaintiffs until February 14, 1989, and that, therefore, the four-month Statute of Limitations did not begin to run until that date. Therefore, this action, commenced on April 4, 1989, is timely. Thompson, J. P., Brown, Eiber and O'Brien, JJ., concur.