■    In the Matter of Betty H. Phillips, Appellant, v. County of Broome et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered November 19, 1973 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to reinstate her to her position as a Senior Clerk for the County of Broome. Petitioner was appointed to a position of Senior Clerk in the Broome County Clerk's office after passing a competitive civil service examination. In August, 1971, she suffered an injury to her right foot which prevented her return to work. Her application for a leave of absence was denied and she was

advised that her employment would be terminated effective September 13, 1971 if she did not return to work. By letter dated September 15, 1971, the County Clerk informed her that her employment was being terminated "effective immediately". In October, 1971, petitioner requested reinstatement to her position but was informed that the county was not hiring. She subsequently repeated her request for reinstatement on several occasions with no success. On April 11, 1973 petitioner conferred with the County Clerk and reiterated her request, which was once again denied. The instant proceeding was commenced on June 19, 1973 and was dismissed as untimely. The issue before us is whether the proceeding was commenced within the four-month Statute of Limitations provided for by CPLR 217. It is clear that in the case of a wrongful removal or dismissal of a public employee there is no need for a further demand and refusal; the removal or dismissal is deemed to constitute a demand and refusal and the Statute of Limitations begins to run at once (*Matter of McDermott* v. *Johnson*, 2 N Y 2d 608; *Matter of Fryer* v. *Broome County Bd. of Supervisors*, 37 A D 2d 755; *Matter of Devens* v. *Gokey*, 12 A D 2d 135, 137, affd. 10 N Y 2d 898). There is no dispute that petitioner knew that she had been discharged on September 13, 1971. Since the instant proceeding was not commenced within four months of that date, it was properly dismissed as untimely. Petitioner's subsequent demands for reinstatement could not serve to extend the time of the running of the Statute of Limitations. Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Kane and Main, JJ., concur.