■ In the Matter of JERRY KENNEDY, Respondent, v. PAUL D. McGINNIS, as Commissioner of Correction of the State of New York, Appellant.— Appeal from a judgment of the Supreme Court of Special Term, entered August 21, 1973 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, and directed his reinstatement as an employee of the Department of Correction with back pay and allowances. The petitioner was employed as an attendant at Dannemora State Hospital. Effective February 28, 1963 he was granted a one-year sick leave of absence, without pay. On August 26, 1963, he was released from St. Lawrence State Hospital on convalescent care status and discharged from said status on April 2, 1964. On April 7, 1964, a written communication from the director of Dannemora State Hospital informed him that his leave of absence had expired on March 27, 1964 and, since he had failed to return to work or failed to submit an explanation for his absence from work for 10 working days after the expiration of

that leave of absence, he was deemed to have resigned effective March 28, 1964 citing 4 NYCRR 5.3. This article 78 proceeding was commenced on July 7, 1966. At a trial of issues of fact raised by the pleadings, evidence was adduced to show petitioner's continued psychiatric care and treatment subsequent to his discharge from convalescent status on April 2, 1964. There was evidence that this treatment continued throughout 1965 and 1966 and culminated on May 12, 1966, when petitioner advised his former employer in writing that he was ready to return to work. This communication prompted an immediate response from appellant again advising petitioner that his failure to return to duty was deemed to have constituted a resignation effective March 28, 1964. It is the contention of appellant that the petition should be dismissed as not timely commenced, since the determination being reviewed became final and binding on April 7, 1964, and not May 13, 1966, as claimed by petitioner and implicitly accepted by the court below (CPLR 217). We agree wth appellant. The determination which affected petitioner's rights and the one from which the statutory period must run was the letter of April 7, 1964 (*Matter of Valada* v. *Binghamton Urban Renewal Agency*, 36 A D 2d 985; *Matter of Smith* v. *Moylan*, 35 A D 2d 864). Even though petitioner was under psychiatric care subsequent to receipt of that letter, the record establishes that there were periods in 1964 and 1965 that he was able to return to work. In fact, he consulted an attorney on April 23, 1964, seeking to obtain certain copies of medical records from the St. Lawrence State Hospital. Clearly no subsequent disability arose which could suspend the operation of the Statute of Limitations (*Kurtz* v. *State of New York*, 40 A D 2d 917; *Gershinsky* v. *State of New York*, 6 A D 2d 964). If we were to accept petitioner's contention that the statutory period began to run upon receipt of the communication from appellant dated May 13, 1966, upon the entire record, we would nevertheless conclude that petitioner's prior unreasonable delay in making a formal demand for reinstatement would constitute laches and bar relief (*Matter of Burke* v. *Village of Johnson City*, 36 A D 2d 202; *Matter of Kraus* v. *Beame*, 36 A D 2d 989). Judgment reversed, on the law and the facts, and petition dismissed, without costs. Herlihy, P. J., Greenblott, Cooke, Kane, and Reynolds, JJ., concur.