HYMAN S. FLOMENBAUM, Respondent, v DRUG ABUSE CONTROL COMMISSION et al., Appellants.

Third Department, December 11, 1975

*Louis J. Lefkowitz, Attorney-General (William J. Kogan* and *Ruth Kessler Toch* of counsel), for appellants.

*Mailman & Volin, P.C. (Stanley Mailman* of counsel), for respondent.

REYNOLDS, J. On December 21, 1970 petitioner was appointed as a Vocational Instructor IV in the Brooklyn Central Community Rehabilitation Center operated by the appellant Drug Abuse Control Commission. Pursuant to regulations (4 NYCRR 4.5 [a] [2] [i]) petitioner was subject to a probationary term of not less than six months, nor more than three years. The appointment of petitioner was to become permanent "upon the completion of the minimum period of probation unless the probationer, prior to the completion of such service, is given written notice that the probationary term will be continued." (4 NYCRR 4.5 [a] [3]). By letter dated December 21, 1973, petitioner was notified that his probationary term was being extended to February 7, 1974. By letter dated January 10, 1974, petitioner was notified that his employment would terminate on January 30, 1974. Petitioner requested reinstatement to his position on May 8, 1974. On July 23, 1974 petitioner commenced this proceeding pursuant to CPLR article 78 for reinstatement.

On this appeal, appellants claim that (1) the petitioner is bound by the four-month period of limitation set forth in CPLR 217; (2) the petitioner failed to exhaust his administrative remedies specified in the collective bargaining agreement with his union and the appellants; and (3) petitioner was properly dismissed by appellants at the conclusion of his probationary term. The appellants have abandoned claim number 3.

This litigation was generated because appellants asserted that petitioner's probationary period extended for a period of three years from December 21, 1970 to December 21, 1973. The trial court held that petitioner's probationary period

ended six months after December 21, 1970. Any doubt about the correctness of this holding was eliminated by the Court of Appeals in a subsequent decision rendered in *Matter of Albano v Kirby* (36 NY2d 526). The appellants claim that the four-month Statute of Limitations in CPLR 217 started to run on January 10, 1974, the date petitioner was notified his employment would be terminated on January 30, 1974. Petitioner claims that the four-month statute did not commence to run before May 8, 1974 when petitioner demanded his reinstatement. We decide that the four-month Statute of Limitations established in CPLR 217 did not start to run on petitioner's proceedings until after appellants refused to reinstate him upon his demand for reinstatement on May 8, 1974. As this proceeding was commenced on July 23, 1974, within four months from May 8, 1974, it is not time-barred. Under the mistaken conclusion that petitioner was still serving a probationary period, appellants attempted to terminate his employment without making any charges and without a hearing. This proceeding under CPLR article 78 was in the nature of a mandamus to compel the appellants to perform their duty and the Statute of Limitations started to run on the appellants' refusal to perform this duty.

As this court said in *Matter of Burke v Village of Johnson City* (36 AD2d 202, 203–204); "As a general proposition an employee who is discharged from his governmental position *without a hearing* need not seek reinstatement within four months from such discharge, but may delay until such time as he has demanded reinstatement and been refused. *(Austin v Board of Higher Educ. of City of N. Y.,* 5 NY2d 430, 442.)" (Emphasis supplied.) In *Matter of O'Connell v Kern* (287 NY 297), the petitioner employee in the Marriage License Bureau was suspended without fault or delinquency on her part. She was placed on a preferred list for reappointment to her former or equivalent position. When she learned that another person without equal preference rights was appointed to her former position, she demanded reinstatement which was refused. She brought an article 78 proceeding to compel her reinstatement within four months after her demand and the refusal. The employee argued that the statute commenced running at the time her replacement was transferred to her former position. In holding that the proceeding was not barred because it was commenced within four months of her demand for reinstatement, the court said (p 301): "In the circumstances here,

petitioner had the right by mandamus to compel her reinstatement since it appears that another person was employed in the position to which she was entitled (Civil Service Law, § 31-b [see now § 31-a]). She was ahead of Dowd on the preferred list. She had a clear legal right to compel the appointing power to reinstate her (Civil Service Law, §§ 31, 31-b; see *Matter of Wolfson v Cruise, supra).* Where the relief sought is 'to compel performance of a duty specifically enjoined by law' the proceeding must be instituted 'within four months * * * after the respondent's refusal, upon the demand of the petitioner or the person whom he represents, to perform his duty'." (See, also, *Matter of McDermott v Johnson,* 2 NY2d 608; *Matter of O'Buck v City of Yonkers,* 2 AD2d 775; *Matter of Millicker v Board of Educ. of Cent. School Dist. No. 1 of Towns of Carmel & Putnam Val.,* 275 App Div 849, affd 300 NY 634.)

Of course, a discharged government employee cannot indefinitely extend the time to bring a proceeding to compel reinstatement. If he fails to demand reinstatement within a reasonable time, he will be barred by laches *(Matter of Peruzzin v Test,* 282 App Div 550).

Our holdings in *Matter of Kennedy v McGinnis* (45 AD2d 786) and *Matter of Phillips v County of Broome* (44 AD2d 882) are consistent with the present holding. In *Matter of Phillips v County of Broome (supra)* the petitioner was notified her employment would be terminated on September 13, 1971. In October, 1971 petitioner requested reinstatement and she was advised the county was not hiring. This was clearly a demand for reinstatement and a refusal *(Matter of McDermott v Johnson, supra).* She brought her proceeding pursuant to article 78 of the CPLR on June 19, 1973, more than 19 months after her demand for reinstatement and refusal. The proceeding was held barred by laches and CPLR 217. In *Matter of Kennedy v McGinnis (supra)* the petitioner-employee was notified on April 7, 1964 that his employment had been terminated effective March 28, 1964. Petitioner requested reinstatement on May 12, 1966. We held that petitioner's unreasonable delay in making a formal demand for reinstatement constituted laches and barred relief. Appellants did not raise in the trial court the issue that petitioner failed to exhaust his administrative remedies under the collective bargaining agreement. We do not consider the point, as a reviewing court will not consider questions not raised in the trial

court *(Matter of Flanagan v Nyquist,* 38 AD2d 645, cert den 406 US 907; *Baker v Topping,* 15 AD2d 193).

The petitioner alleged in paragraph 10 of the petition that his employment was terminated without according primary rights provided by section 75 of the Civil Service Law and without compliance with the provisions of the collective bargaining agreement. In its motion papers, appellants moved to dismiss the petition and in paragraph 2 alleged as a ground therefor that the collective bargaining agreement was not pertinent to the proceeding. In its answer, in the fourth paragraph thereof, appellants denied the allegation in paragraph 10 of the petition and affirmatively asserted that the collective bargaining agreement was not applicable to petitioner. Appellants cannot now attempt to argue that petitioner should have sought relief pursuant to the provisions of the agreement.

The judgment should be affirmed, with costs.

HERLIHY, P. J., GREENBLOTT, MAIN and LARKIN, JJ., concur.

Judgment affirmed, with costs.