■ In the Matter of MURRAY SIEGEL, Respondent, v HENRY LEWIS, Appellant.—In a proceeding to disqualify Eugene Birnbaum and Samuel Kooper from acting as arbitrators in a dispute between the parties and to appoint substitute arbitrators, the appeal is from (1) a judgment of the Supreme Court, Nassau County, entered September 4, 1974, which granted the application, and (2) an order of the same court, dated December 10, 1974, which denied appellant's motion to renew and rehear the application. Order and judgment affirmed, with one bill of $50 costs and disbursements. In November, 1971, petitioner and appellant entered into an agreement whereby appellant was to sell petitioner half of the issued and outstanding common stock in the Henry Lewis Lamp Shades Corporation, all of which, at the time, was owned by appellant. The agreement contained an arbitration clause which provided: "Any issue of any kind, any dispute, any difference or question of any kind relating in any manner whatsoever to this agreement, arising between the parties herein, shall be determined by arbitration and the same shall be referred to EUGENE BIRNBAUM and SAMUEL KOOPER, who shall be the sole arbitrators agreed upon by all the parties herein, and it is specifically understood and agreed that the written decisions or award of said arbitrators may be entered as a judgment, decree or order in any Court having jurisdiction thereof. Any matter so referred to the arbitrators shall be considered by them to be bound and limited only for the terms of this agreement." It is undisputed that during the course of the negotiations involved in the above agreement, petitioner was fully aware of the relationship which existed between appellant and the named arbitrators. (Birnbaum was the accountant and Kooper the attorney for the corporation for approximately 15 years.) Thereafter, a dispute arose between the parties concerning the alleged theft of cash receipts by petitioner. Appellant discharged petitioner and exercised his option under the agreement to cancel the contract and return to petitioner all the moneys previously paid by him, plus 50% of any amount by which "the net worth of the corporation exceeds in value the monies paid in by [petitioner] in relation to his shares as purchased" (bracketed word supplied). On April 12, 1974, petitioner was served with a notice of intention to arbitrate, which demanded arbitration before Kooper and Birnbaum with regard to "Exercise of option on part of [appellant] to declare agreement null and void, and also to determine the net worth of the Henry Lewis Lamp Shade Corp." (bracketed word supplied). On May 2, 1974, petitioner commenced this proceeding. Special Term granted the application holding, in effect, that the named arbitrators, because of their association with appellant, could not properly exercise an independent and impartial role in that capacity. We agree. While we recognize the strong judicial policy of infrequent intervention in

arbitration contracts, especially at this early procedural stage *(Matter of Brookfield Clothes [Rosewood Fabrics]*, 4 AD2d 458; *Matter of Franks [Penn-Uranium Corp.]*, 4 AD2d 39), we favor such intervention in this case and would disqualify the named arbitrators (cf. *Matter of Astoria Med. Group [Health Ins. Plan of Greater N. Y.]*, 11 NY2d 128). The totality of the circumstances, including the long personal and professional relationship between the arbitrators and appellant, the presence of the arbitrators as witnesses to the negotiations, and their testimony as expert witnesses as to the meaning of the term "net worth" all militate strongly against their continuance in a role requiring independence and impartiality (see *Matter of Labor Relations Section of Northern N. Y. Bldrs. Exch. v Gordon*, 41 AD2d 25; *Matter of Cross Props. [Gimbel Bros.]*, 15 AD2d 913, affd 12 NY2d 806). Latham, Cohalan, Margett and Brennan, JJ., concur; Martuscello, Acting P. J., dissents and votes to reverse the judgment and order and dismiss the petition on the merits, with the following memorandum: While I agree with Special Term that even in the absence of specific statutory authority a court has the inherent power to disqualify an arbitrator before an award has been rendered (see *Matter of Astoria Med. Group [Health Ins. Plan of Greater N. Y.]*, 11 NY2d 128, 132), I find no basis under the present facts for the granting of petitioner's application. The mere fact that the proposed arbitrators are employed by appellant's corporation and perhaps are closely connected with him furnishes no ground for disqualification, since petitioner was fully aware of this state of affairs at the time the contract was made (see *Matter of Astoria Med. Group [Health Ins. Plan of Greater N. Y.]*, supra; *Matter of Amtorg Trading Corp. [Camden Fibre Mills]*, 277 App Div 531, affd 304 NY 519). Nor is petitioner's argument strengthened if this fact is considered in conjunction with the claim that the arbitrators will be called upon as witnesses to present testimony vital to the determination of the controversy. At all times relevant heretofore, petitioner was aware of the proposed arbitrators' status as attorney and accountant for the corporation and the role they played during the preliminary negotiations. However, petitioner was not heard to complain that the "architects" of the agreement would be called upon to interpret that document until the present controversy erupted. In the absence of a real possibility that injustice will result, the courts of this State will not rewrite the contract for the parties (see *Matter of Lipschutz [Gutwirth]*, 304 NY 58, 64). No such showing has been made in this proceeding. Additionally, essential differences exist between the judicial and arbitral process. For example, arbitrators are not bound by strict rules of evidence (see *Matter of Springs Cotton Mills [Buster Boy Suit Co.]*, 275 App Div 196, 200, affd 300 NY 586). More importantly, arbitrators, unlike Judges, can, in certain instances, decide issues on their own knowledge of facts and be called as witnesses and give evidence in the very proceedings they are presiding over (see *Cobb v Dolphin Mfg. Co.,* 108 NY 463; *Wiberly v Matthews,* 91 NY 648; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7506.18; Ann 154 ALR 1210). It must have been evident to petitioner that the arbitrators chosen would bring to any future proceeding their knowledge and understanding of such terms as "net worth". Obviously, petitioner may introduce other evidence to support his position or controvert their understanding of the facts. While an arbitrator may partially rely upon his own knowledge of the facts, he cannot "be deaf to the testimony or blind to the evidence presented" *(Matter of Astoria Med. Group [Health Ins. Plan of Greater N. Y.]*, 11 NY2d 128,

137, *supra).* Any violation by the arbitrators of their oath to hear and decide the controversy faithfully and fairly (see CPLR 7506, subd [a]) will subject the award to a subsequent vacatur pursuant to CPLR 7511 (subd [b]).