■ IRVING GERBER, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—Judgment, Supreme Court, New York County, entered February 5, 1976, dismissing plaintiff's complaint, affirmed, without costs and without disbursements. On May 2, 1972 plaintiff was suspended by the defendant from his position as a senior inspector of demolition pending determination of bribery charges against him. During the ensuing months members of the housing authority's police department made repeated unavailing attempts to serve plaintiff with disciplinary charges. Plaintiff successfully evaded service for a period of approximately 18 months. The record discloses at least 24 visits at plaintiff's home by police officers attempting to effectuate service, numerous telephone calls, conversations with plaintiff's wife and one telephone conversation with plaintiff during which he stated that he refused to accept disciplinary charges or to permit entry to his home to anyone attempting service. On March 29, 1973, plaintiff was convicted in Supreme Court, New York County, on his plea of guilty, of official misconduct to cover a six-count indictment. On November 19, 1973 plaintiff was personally served with the charges. On November 29, 1973, the scheduled hearing date, plaintiff did not appear. He was tried *in absentia.* Upon his attorney's application, the ex parte hearing and action were vacated. However, at about this same time, the plaintiff was convicted in Supreme Court, Kings County, of the crime of receiving unlawful gratuities and was sentenced to one year's imprisonment. Subsequently, the authority's charges were amended to reflect the Kings County conviction. Plaintiff pleaded guilty with an explanation at the reopened hearing. The trial officer's recommendation that he be dismissed from his employment was approved by the authority. The plaintiff waited until October 17, 1975, a period of three years and four months from the date of his suspension, before making any demand for accrued back pay. Whether we consider plaintiff's claim as

an action at law or as an article 78 proceeding, the plaintiff may not recover. The record clearly establishes that the inordinate delay in holding the disciplinary hearing was caused by the plaintiff. It would be most unfair to reward this dishonest public employee by compelling the housing authority to pay him substantial sums of money by way of claimed accrued salary without having received services in return. Plaintiff should not be permitted to profit by his proven misconduct and by his tactics in successfully delaying the disciplinary proceeding resulting in his discharge. Concur—Markewich, J. P., Silverman and Nunez, JJ.; Capozzoli and Yesawich, JJ., dissent in the following memorandum: We would reverse the judgment dismissing the complaint and remand for a plenary hearing to determine whether the delay in the departmental hearing was occasioned by either the plaintiff or the defendant and whether in the circumstances plaintiff is entitled to recover any portion of his salary during the period of his suspension.