■ In the Matter of LORRAINE GARGIUL, Appellant, v BOARD OF EDUCATION OF THE LIVERPOOL CENTRAL SCHOOL DISTRICT, Respondent.—Judgment and order unanimously affirmed, without costs. Memorandum: In this article 78 proceeding against the respondent Board of Education of Liverpool Central School District, the appellant, Lorraine Gargiul, who seeks a declaration that her suspension without pay as a tenured school teacher was a violation of section 3020-a of the Education Law, has appealed an order and judgment at Special Term which dismissed her proceeding as time-barred under CPLR 217. Appellant, a tenured teacher, employed by respondent for 15 years suffered a back ailment in 1974 and asked for a first grade position where she believed there would be less stress. Respondent did not

have an opening and instead offered her a kindergarten position on June 18, 1974. Appellant refused respondent's request, however, to have a physical examination by the school district physician prior to the beginning of the 1974 school year. Appellant was out on sick leave throughout the late fall of 1974 and the early winter of 1975 and advised respondent in February of her intent to return to work on March 17, 1975. In response to respondent's repeated requests that she submit to the required physical examination, appellant stated that she had always gone to women physicians and that it was against her "creed" to be examined by a male physician. On March 10, 1975 the respondent board adopted a resolution which directed appellant to submit to a physical examination by the school district medical inspector and advised her that without such examination she would not be permitted to return to her teaching position. This resolution was adopted pursuant to the respondent's power under section 913 of the Education Law and a copy of the resolution was forwarded to appellant on March 17, 1975. Thereafter, on March 21, 1975 the appellant was notified that as a result of the March 10, 1975 resolution, she was being placed on a leave of absence without pay, pending a decision as to her medical problems. At approximately two-week intervals, from March 24, 1975 until June 27, 1975 (the end of that school year), appellant wrote letters to the co-ordinator of personnel of the school district, the accounting department, and the treasurer of the school district, demanding that she be paid her salary during the period of her leave of absence. The four-month Statute of Limitations begins to run after the determination to be reviewed becomes final and binding upon petitioner, i.e., when the decision or action has an actual impact on appellant (8 Weinstein-Korn-Miller, NY Civ Prac, par 7804.02; 24 Carmody-Wait 2d, NY Prac, § 145:239). It has been held that "where a determination is made on one date to be effective at a later date, the determination does not become 'final and binding' for purposes of the Statute of Limitations [CPLR 217] until the date it becomes effective" (*Matter of Wininger v Williamson,* 46 AD2d 689; *Matter of Gates v Walkey,* 41 AD2d 319). Were the instant proceeding to be categorized as one to review a determination (i.e., in the nature of certiorari), CPLR 217 would bar the proceeding because respondent board suspended appellant without pay effective March 17, 1975. The petition, however, was not served until April 13, 1976, more than 12 months later, and well beyond the applicable four-month period of limitations. This proceeding, however, seems best classified as one where there is a failure of the body or an officer to perform its duty (*Matter of Soucy v Board of Educ.,* 51 AD2d 628; *Matter of Ferro v Lavine,* 46 AD2d 313). In an article 78 proceeding in the nature of mandamus the period of limitations runs from "the respondent's refusal, upon the demand of the petitioner * * * to perform its duty" (CPLR 217), but the demand must be made within a reasonable time or the petitioner will be barred (see *Austin v Board of Higher Educ.,* 5 NY2d 430, 442–443). In *Matter of Sirles v Cordary* (49 AD2d 330, 332) the court held that: "The weight of authority * * * supports the proposition that an employee * * * who is discharged from his governmental position without a hearing is not required to seek reinstatement within four months from discharge, but may delay until such time as he has demanded reinstatement and has been refused, provided he has not so unduly delayed seeking reinstatement as to be guilty of laches (*Matter of Burke v Village of Johnson City,* 36 AD2d 202, affd 29 NY2d 846; see, also, *Austin v Board of Higher Educ. of City of N. Y.,* 5 NY2d 430)". (See, also, *Matter of Johnson v Downstate Med. Center, State Univ. of N. Y.,* 52 AD2d 357, 361-362; *Flomenbaum v Drug Abuse Control Comm.,* 50 AD2d 20;

*Matter of Durham v Amico,* 52 AD2d 724.) Appellant variously demanded her salary in (1) letters written between March 24, 1975 and June 27, 1975; (2) a formal grievance demanding her salary (April 10, 1975); (3) an appeal to the commissioner (Aug. 9, 1975); (4) an article 78 petition against respondent (Nov. 25, 1975, withdrawn on Dec. 12, 1975) and (5) a letter from her attorney (April 1, 1976). Respondent throughout this period steadfastly refused to pay appellant her salary. Such, in our view, constituted at least an informal refusal to act. Respondent board's formal "refusal" was its motion to dismiss dated December 6, 1975 in appellant's previous article 78 petition which she subsequently withdrew. The instant proceeding was not commenced until April 13, 1976 almost 13 months after the March 17, 1975 suspension and more than four months after respondent board's motion to dismiss the previous proceeding which unequivocally indicated its refusal to act to pay appellant's salary. It is also, therefore, time-barred. Even were we to find that appellant's demand was made on April 1, 1976, the date of her attorney's letter, we would also conclude that it is barred on account of her laches because her delay in making the demand, under the circumstances of this case, was unreasonably protracted (cf. *Matter of Perry v Blair,* 49 AD2d 309, 314-315). Finally, we have considered appellant's argument that she was denied due process and find it to be without merit *(Matter of O'Keefe v Murphy,* 38 NY2d 563; *Matter of Perry, supra).* (Appeal from judgment of Onondaga Supreme Court—article 78.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.