■ In the Matter of THELMA BERNSTEIN, Appellant, v INDUSTRIAL COMMISSIONER OF THE STATE OF NEW YORK, Respondent.—Motion granted and, upon reargument, the order of this court entered on July 5, 1977 is amended to grant reargument, the original memorandum decision and order of this court entered on May 12, 1977 (Appeal No. 205) are recalled and vacated, and a new memorandum decision, and a resettled order, substituted therefor as follows [see next case]. Concur—Murphy, P. J., Lupiano, Silverman and Capozzoli, JJ.

■ In the Matter of THELMA BERNSTEIN, Appellant, v INDUSTRIAL COMMISSIONER OF THE STATE OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County, entered November 26, 1975, which denied petitioner's article 78 proceeding and dismissed her petition on the ground that the proceeding was time-barred, unanimously reversed, on the law, without costs and disbursements; the petition is granted and the petitioner reinstated with back pay as of the date of her "resignation" pursuant to subdivision (d) of section 5.3 of the Rules for the Classified Service of the Civil Service Department (4 NYCRR 5.3 [d]) which section was held invalid by the Court of Appeals in *Matter of Johnson v Director, Downstate Med. Center* (41 NY2d 1061). Petitioner, a competitive permanent employee in the classified civil service of the State of New York, holding the position of typist, Grade 3, and employed by the Department of Labor, Division of Manpower Services, by letter dated December 11, 1974, was notified that she was "separated under section 5.3 of the classified service rules of the Civil Service Law. This law provides that an employee who is absent without leave and without an explanation for a period of ten work days shall be deemed to have automatically resigned. Therefore, your automatic resignation is being processed effective November 20, 1974". It appears that by letter dated December 18, 1974, Assemblyman Alfred A. Delli Bovi, on petitioner's behalf, requested that respondent consider petitioner's claim that she had recently undergone an operation from which she was still recovering and that her supervisor harassed her upon her return to work. In response to this letter, respondent informed petitioner by letter dated January 10, 1975, that upon review of the matter, respondent adhered to the determination that petitioner not be reinstated. The instant article 78 proceeding was thereafter commenced on May 12, 1975. As aptly observed in *Austin v Board of Higher Educ.* (5 NY2d 430, 442): "Thus, an article 78 proceeding in the nature of mandamus as well as one in the nature of certiorari to review is controlled by the four-month Statute of Limitations. No doubt, for the purposes of the Statute of Limitations a distinction must be observed between relief sought in the nature of certiorari and that sought in the nature of mandamus. The reason for this rests in the fact that the important factor in a proceeding in the nature of certiorari is that the aggrievement arises from a final determination. But, in the case of a proceeding in the nature of mandamus, the aggrievement does not arise

from the final determination but from the refusal of the body or officer to act or to perform a duty enjoined by law. Accordingly, while it is not necessary to make a demand and await a refusal before bringing a proceeding in the nature of certiorari to review, it is necessary to make a demand and await a refusal before bringing a proceeding in the nature of mandamus and in the latter type of proceeding the Statute of Limitations does not run out until four months after the refusal [citation]. This does not mean that the aggrieved party can, by delay in making his demand, extend indefinitely the period during which he is required to take action. If he does not proceed promptly with his demand he may be charged with laches [citation]." There is no delay presented in this record with respect to petitioner's seeking reinstatement which would constitute laches. Patently, the proceeding herein for reinstatement after discharge is in the nature of mandamus and was timely commenced (see *Matter of Johnson v Director, Downstate Med. Center, State Univ. of N. Y.,* 52 AD2d 357; *Matter of Sirles v Cordary,* 49 AD2d 330; contra *Matter of Phillips v County of Broome,* 44 AD2d 882). With respect to petitioner's claim that her termination without a hearing violates due process of law, which claim is denied by respondent in his answer, we note that the Second Department views 4 NYCRR 5.3 (d) as violative of the due process guarantees of the Fourteenth Amendment *(Matter of Johnson v Director, Downstate Med. Center, State Univ. of N. Y., supra).* The Court of Appeals in *Matter of Johnson v Director, Downstate Med. Center* (41 NY2d 1061) declared 4 NYCRR 5.3 (d) invalid as being in conflict with section 75 of the Civil Service Law, the latter section mandating written notice of charges of either misconduct or incompetence and a hearing in accordance with the procedure set forth therein. It appears that the State of New York has adopted a policy of reinstating all tenured civil service employees terminated pursuant to 4 NYCRR 5.3 (d) and that the office of the Attorney-General does not oppose reinstatement of petitioner-appellant in view of the decision in *Matter of Johnson v Director, Downstate Med. Center* (41 NY2d 1061,'supra). Resettled order signed and filed. Concur —Murphy, P. J., Lupiano, Silverman and Capozzoli, JJ.